## IN RE SETTLEMENT OF EMIL RUDQUIST.
## TOWN OF DASSEL v. VILLAGE OF DARWIN.[1]

November 18, 1932.

No. 29,108.

*Alva R. Hunt,* for appellant.
*Raymond H. Dart,* for respondent.

HOLT, J.

Plaintiff appeals from the judgment of dismissal of an action brought to determine the settlement of Emil Rudquist, an alleged poor person, to be in the defendant village.

The court found that Emil Rudquist was not a poor person within the meaning of G. S. 1923, § 3157, et seq., as amended, 1 Mason, 1927, id., and therefore refused to adjudicate his settlement in this proceeding, brought under 1 Mason, 1927, § 3161-1. If the finding mentioned is sustained by the evidence the basis for the lawsuit is gone, and the judgment for dismissal is the only judgment that could lawfully be rendered. So other assignments of error need not be considered.

The statutes relating to determining the settlement of poor persons were never intended to cover every person who at some future time might become dependent upon some municipality for support.

[1]Reported in 245 N. W. 365.

Normally healthy and able-bodied persons support themselves and family and consider it a duty and privilege to do so. They would resent any attempt to have an adjudication as to their settlement under the provisions of the statutes relating to poor relief as long as by their labor and that of the members of their family they can procure the necessaries of life. Moreover, to have an adjudication of settlement of every person who finds himself in temporary distress would impose an undue and expensive burden upon the courts to no good purpose.

The evidence shows that Emil Rudquist is a good worker, 51 years old. He has a wife and seven children. In 1929, while residing in the town of Kingston, he received some aid from that town, but the amount and the circumstances are not shown. While he has resided in the town of Dassel and in the defendant village, the evidence shows that he was unable to pay the two doctors who attended the family the week in March, 1931, when practically all were in bed with the influenza. Although a member of the town board of plaintiff requested the one doctor to attend the family and a member of defendant village council approved of the other doctor attending, the town and the village have refused to pay either doctor. Nor has either municipality paid out a penny nor caused to be furnished anything in the way of support for Rudquist or his family. It also appears that, although when sick, Rudquist in conversation with an official of the municipality admitted that he would need some help in the future, he never requested aid from either the town or village. True, the illness of the whole Rudquist family coming to the attention of the inhabitants of both town and village, aid organizations and charitable people saw to it that what was needful at that time was supplied. But there was no evidence of any aid being rendered after the family got well. At the time an official of plaintiff warned Rudquist to move out of the town, Rudquist was employed and busy at his work. The merchant with whom Rudquist trades testified that his credit is good.

In our opinion the evidence fully justified the trial court's finding that Rudquist was not a poor person within the meaning of the statute under which the suit was brought.

The judgment is affirmed.